UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIRECTV, INC., a California Corporation,** | 04-CV-0448 (WJM) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR DAMAGES UNDER |
| **DEREK JACKSON,** | 47 U.S.C. § 605 |
| Defendant. | HON. WILLIAM J. MARTINI |

      This matter comes before the Court on Plaintiff's Notice of Motion for Damages Under 47 U.S.C. § 605 against Defendant Derek Jackson filed in response to this Court's May 4, 2005 Order. That Order denied Plaintiff's request for monetary damages under 18 U.S.C. § 2520(c)(2) consistent with the Court's Letter Opinion in *DirecTV, Inc. v. Cain*, No. 03-5632, 2005 WL 976467 (D.N.J. Apr. 20, 2005), and provided Plaintiff the opportunity to seek monetary damages under 47 U.S.C. § 605. The Order further provided Plaintiff the opportunity to supplement its request for attorneys fees consistent with Court's Opinion in *Cain*.

      Previously, Plaintiff sought $10,000 in damages under § 2520. In its May 4, 2005 Order, this Court found that such an award would be excessive and would provide Plaintiff with a windfall recovery. Plaintiff now comes before the Court seeking a more modest amount of damages—$4,500.00. Under § 605, the Court, in its discretion, may award a recovery to the aggrieved party in an amount between $1,000 and $10,000. Defendant bought a so-called pirate access device on or about April 2001, which purchase Plaintiff learned of sometime between May 2001, when it began seizing third-party records evidencing Defendant's purchase, and February 2004, when Plaintiff filed the instant action. (*See* Compl. ¶¶ 3, 7.) Plaintiff argues, and this Court agrees, that given the facts of this case an award of $1,000 would not deter unscrupulous individuals, such as Defendant, from buying pirate access devices in the future. Consequently, the Court believes that a reasonable and appropriate damages award is $4,500. That amount not only compensates DIRECTV for potentially misappropriated services, but also punishes Defendant for his reprehensible conduct and thereby creates a deterrent effect for would-be perpetrators.

      Plaintiff also seeks attorneys' fees in the amount of $820.00. This amount takes into account the 75 % reduction directed in *Cain* for Plaintiff's preparation and filing of Default Judgment papers addressing Plaintiff's alleged right to recover damages under § 2520, which claim the Court has found to be an overreaching on Plaintiff's part.

      Having considered Plaintiff's submissions in support of the instant Motion, as well as the papers submitted in connection with Plaintiff's previously-filed Motion for Default Judgment, and for the reasons stated above, and for good cause shown,

**IT IS** on this 24th day of June 2005, hereby

**ORDERED** that judgment be entered pursuant to 47 U.S.C. § 605 against Defendant Derek Jackson in favor of Plaintiff, DIRECTV, Inc., in the amount of $5,320, $820.00 of which amount represents and award of reasonable attorneys' fees; and it is further

**ORDERED** that Plaintiff is entitled to post-judgment interest on this award as is allowed by law pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED** that the remainder of the Court's May 4, 2005 Order shall remain in full force and effect.

        s/William J. Martini

        _____
        **William J. Martini, U.S.D.J.**

cc:    The Honorable Ronald J. Hedges, U.S.M.J.